UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE J. KAWECKI,
by JOANNE MARLOWE,
Conservator and Guardian,

      Plaintiff,

v.

                              Case No. 04-70907
                              Hon. Gerald E. Rosen

COUNTY OF MACOMB, MACOMB
COUNTY DEPARTMENT OF SENIOR
CITIZEN SERVICES, NAOMI MIAL, and
MARY NELSON-PULICE,

      Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      May 16, 2005

      PRESENT: Honorable Gerald E. Rosen
                         United States District Judge

By motion filed on May 11, 2005, Plaintiff seeks reconsideration of this Court's April 29, 2005 Opinion and Order. In support of this motion, Plaintiff variously contends that the Court "completely ignored" a controlling Sixth Circuit decision, "completely misapprehended" the nature of the *Colorado River* doctrine, "completely ignored" still another Supreme Court ruling that further amplifies this doctrine, "entirely misunderstood" the nature of Plaintiff's federal claims, and adopted an "absurd" reading

of the facts and allegations of this case. Notwithstanding Plaintiff's emphatic declarations, the Court discerns no such defects in its decision, and therefore declines to revisit the rulings in its April 29, 2005 Opinion and Order.

In support of his present motion, Plaintiff first contends that this Court's application of <u>Younger</u> abstention is at odds with the Sixth Circuit's decision in <u>Habich v. City of Dearborn</u>, 331 F.3d 524 (6th Cir. 2003), a case which, in Plaintiff's view, is "markedly similar" to this one.[1] The flaw in this argument, however, is exposed at the very outset of <u>Habich</u>'s discussion of abstention. <u>Younger</u> abstention did not apply in that case, explained the Court, because "[s]imply put, the state court proceedings involved ***factual and legal issues that had no relevance to [the plaintiff's] federal suit.***" <u>Habich</u>, 331 F.3d at 530 (emphasis added). In particular, the Court observed that the plaintiff's federal claims arose from events that occurred up until the defendant city placed a padlock on the door of her home, while the purportedly "parallel" state court proceeding was focused solely "on how the City could proceed *after* the padlocks had been removed." 331 F.3d at 530.

In light of this bright-line, temporal distinction in the facts underlying the state and federal proceedings, the Court found that the plaintiff's federal claims were at best merely "'collateral' to the state proceedings," and that "the federal suit would in no way interfere

---

[1]Notably, Plaintiff, like the Court, "completely ignored" the decision in <u>Habich</u> in its initial and supplemental responses to Defendants' motion to dismiss. Rather, <u>Habich</u> is mentioned for the first time in the present motion for reconsideration.

with the state proceedings." 331 F.3d at 530-31. Under these circumstances, the Sixth Circuit held that the district court's application of Younger abstention impermissibly rested solely upon the ground that the plaintiff "could have" raised her federal claims in a state court proceeding, whether by filing some sort of amended pleading in the existing state court litigation or by filing an entirely new complaint and seeking to consolidate this new case with the existing proceeding. 331 F.3d at 531. The Court reasoned that "[i]f that were the rule, *Younger* abstention would almost always be appropriate, because there are few situations in which a federal plaintiff would not be able to file a federal suit in state court." 331 F.3d at 531-32.

The circumstances here are far different. First, and most importantly, the underlying facts to be litigated here and in the state court proceeding are not distinct but, to the contrary, are virtually identical. In stark contrast to Habich, both this case and the state court surcharge proceeding arose from the ***very same events*** — namely, the alleged misappropriation of funds from Plaintiff's conservatorship account. (See Plaintiff's Complaint, Count I at ¶ 2 (identifying the sole factual basis for Plaintiff's federal claim as Defendants' alleged "appropriation for themselves [of] funds belonging to the plaintiff in a conservatorship account established by" Defendant MCDSCS).)[2] Obviously, then, if relief is to be awarded in either this or the state court proceeding, the very same allegation

---

[2]The Court again observes, as it did in its earlier Opinion and Order, that Plaintiff sought in this case to take the deposition of the judge presiding over the ongoing state court proceeding, just two days before the scheduled hearing in that case on the petition for surcharge. If the state and federal cases truly arise from separate facts, as in Habich, it is difficult to see why the state court judge's testimony would be relevant here.

of misappropriation would have to be proven, presumably with much the same evidence. Indeed, the relief itself would be largely the same — namely, the restoration to Plaintiff's conservatorship account of the allegedly misappropriated funds.³

Moreover, if the district court in Habich adopted an impermissibly broad view of Younger abstention, Plaintiff's reading of Habich would render this abstention doctrine unavailable except in cases of *complete identity* of the facts and claims at issue in the state and federal proceedings. In particular, Plaintiff seemingly views Habich as holding that Younger abstention is inappropriate in cases where the plaintiff's federal claims are not *already pending* in the state court proceeding. This reading, of course, would vitiate the rule, recognized repeatedly in binding Sixth Circuit precedent, that a plaintiff need only have "an adequate *opportunity*" to raise his federal claims and issues in a parallel state court proceeding. Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998) (emphasis added); see also Armco, Inc. v. United Steelworkers of America, AFL-CIO, Local 169, 280 F.3d 669, 681-82 (6th Cir. 2002).⁴ The plaintiff need not have

---

³In the present motion, Plaintiff again suggests that additional relief might be available under 42 U.S.C. § 1983. For this reason (among others), however, the Court has elected to stay rather than dismiss this action, so that Plaintiff is afforded the opportunity to pursue any issues or claims for relief that are not resolved in the parallel state court proceeding.

⁴Plaintiff again contends, as he did in his response to Defendants' motion to dismiss, that he "could not in any way assert his constitutional claim in the proceedings in the Macomb County Probate Court," in light of that court's "limited jurisdiction." (Plaintiff's Motion, Br. in Support at 7.) Once again, however, Plaintiff fails to cite any authority for this proposition, nor does he address the Court's analysis of this issue in the challenged Opinion and Order. This does not establish a "palpable error" that would warrant reconsideration of the Court's ruling, nor does it discharge a "federal plaintiff['s] . . . burden to show that [a] state procedural law barred presentation of [his] claims." Armco, 280 F.3d at 682 (internal quotation marks and

actually asserted these claims — indeed, the plaintiff in Carroll apparently had not done so, see Carroll v. City of Mount Clemens, 945 F. Supp. 1071, 1074 (E.D. Mich. 1996), and yet the Sixth Circuit upheld the district court's application of Younger abstention in that case. See Carroll, 139 F.3d at 1074-75; see also Garter Belt, Inc. v. Van Buren Township, No. 01-2093, 2003 WL 21277358, at *3 (6th Cir. June 2, 2003) (observing that the plaintiff in that case "misse[d] the point" through its "repeated insistence" that its federal claims had "not actually been raised in" the parallel state court proceeding, where "*Carroll* recognizes that abstention nevertheless is required because these claims could have been raised"). Accordingly, the Court is not persuaded that its ruling is in any way undermined by the decision in Habich.

  Plaintiff next repeats his argument that he is not a party to the state court proceeding. The Court previously addressed (and rejected) this contention, and sees no basis to revisit it at length here. Rather, the Court merely observes that Plaintiff has advanced a strange notion of a "party," where the parallel state court surcharge proceeding has been commenced in an effort to restore property that was improperly taken from Plaintiff's conservatorship account, and where any relief in this proceeding would inure directly to Plaintiff and result in the return of his property (or, perhaps, an award of commensurate monetary relief). As observed earlier, these are the very same allegations made in support of the federal claims, and Plaintiff seeks largely the same

---

citations omitted).

recovery here — a case in which Plaintiff presumably would concede that he is a "party."

Plaintiff's remaining arguments in support of reconsideration merit only brief discussion.  Plaintiff maintains that the Court "has completely misapprehended the nature of the *Colorado River* doctrine" in two respects: first, that "the Court is simply wrong when it refers to the *Colorado River* doctrine as an 'abstention doctrine,'" and second, that the Court has failed to appreciate that this doctrine applies only in "exceptional circumstances."  (Plaintiff's Motion, Br. in Support at 7-8.)  As to the first point, regardless of whether the distinction sought to be drawn by Plaintiff has any legal significance in this case (and none is apparent), the Court can only observe that it is in good company — both the Supreme Court and the Sixth Circuit have committed the very same "error" in their discussions of the Colorado River doctrine.  See, e.g., Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712-13, 116 S. Ct. 1712, 1719 (1996) (construing the decision in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S. Ct. 927 (1983) — the case upon which Plaintiff principally relies in his motion — as holding that the "abstention-based stay order" entered in that case under the Colorado River doctrine was appealable as a final decision); Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 16 n.8, 107 S. Ct. 971, 976 n.8 (1987) (citing the "principles of abstention articulated in *Colorado River Water Conservation Dist. v United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)"); Romine v. Compuserve Corp., 160 F.3d 337, 341 (6th Cir. 1998) (applying the "*Colorado River* test" to conclude that "the district court's decision to abstain in deference of the parallel state court proceedings did

not constitute an abuse of discretion").

Next, Plaintiff's complaint about the lack of "exceptional circumstances" here reflects nothing more than a disagreement with the Court's analysis of the Colorado River factors in its Opinion and Order.  (See 4/29/2005 Opinion and Order at 21-24.)  The Court recognized that this doctrine should not be lightly invoked, but found that its application was warranted here.  Plaintiff's belief to the contrary does not demonstrate a "palpable error" that merits reconsideration of the Court's ruling.

Finally, Plaintiff contends that the Court exhibited "a complete misunderstanding" of his federal constitutional claim as involving a violation of procedural due process, when in fact Plaintiff "is alleging violations of *substantive* due process." (Plaintiff's Motion, Br. in Support at 9-10.)  The Court can perhaps be forgiven this oversight, as Plaintiff's allegations of conduct that "shocks the conscience" appear for the first time in his present motion, and nowhere to be found in his underlying complaint.  (See Complaint at ¶ 16 (alleging that funds belonging to Plaintiff "were misappropriated and/or converted for improper use by" Defendants); Complaint at Count I, ¶¶ 2, 4 (again alleging that Defendants "appropriated for themselves funds belonging to the plaintiff," and that this reflected a "willful, deliberate and intentional violation of plaintiff's rights" under the U.S. Constitution).)[5]  The Court remains of the view, upon reviewing the allegations of

---

[5]Plaintiff further asserts in his motion that he has advanced an "equal protection" claim in this case.  (Plaintiff's Motion at ¶ 3.)  Such a claim is difficult to discern in the allegations of Plaintiff's complaint.

Plaintiff's complaint, that the constitutional theory of recovery advanced here — whether under the rubric of procedural or substantive due process — could equally well be pursued "whenever a court-appointed fiduciary misappropriates funds from an estate or conservatorship," a result that "would constitutionalize the traditional state-law domain of estate administration." (4/29/2005 Opinion and Order at 19.)[6]

But it simply does not matter, for present purposes, whether the Court is right or wrong in its reading of Plaintiff's complaint. What *is* clear, for all of the reasons set forth above and in the Court's prior Opinion and Order, is that there is a substantial factual overlap in the issues and claims involved in this case and in the parallel state court surcharge proceeding. Further, the relief sought in the two proceedings is very nearly the same. Nothing in the distinction between a procedural and substantive due process theory of recovery alters these brute facts in any way. In its earlier Opinion and Order, the Court merely observed that a procedural due process claim might well be premature while the state court surcharge proceeding is still pending and promises to redress Plaintiff's injuries by restoring his property to him. This is merely an additional — but far from the

---

[6]Plaintiff further rejects the "absurd suggestion that the present case is analogous to a simple case of 'property theft,'" noting the allegation here that Defendants were acting under color of state law. (Plaintiff's Motion, Br. in Support at 11.) Again, the Court reminds Plaintiff that his federal claims have neither been dismissed nor addressed on the merits. In any event, Plaintiff's strident rejection of this analogy does nothing to assuage the Court's concern that the misappropriation of funds from a trust or estate by a court-appointed fiduciary — who, of course, is invariably acting "under color of state law" by virtue of the court's appointment — should not be transformed into a federal constitutional case through the simple expedient of alleging "willful and deliberate conduct" by the fiduciary, as opposed to "an innocent mistake." (Plaintiff's Motion, Br. in Support at 11.)

8

only — reason for the Court to stay this proceeding.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 11, 2005 Motion for Reconsideration is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: May 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager