UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE J. KAWECKI,
by JOANNE MARLOWE,
Conservator and Guardian,

      Plaintiff,

v.

Case No. 04-70907
Hon. Gerald E. Rosen

COUNTY OF MACOMB, MACOMB
COUNTY DEPARTMENT OF SENIOR
CITIZEN SERVICES, NAOMI MIAL, and
MARY NELSON-PULICE,

      Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       June 14, 2005      

      PRESENT: Honorable Gerald E. Rosen
                      United States District Judge

By motion filed on May 31, 2005, Defendants seek leave to supplement the record with (i) materials reflecting the most recent developments in the parallel state court proceeding, and (ii) arguments which, in their view, lend further support to the Court's rulings in its April 29, 2005 Opinion and Order.[1] Plaintiff filed a response in opposition

---

[1] In this Opinion and Order, the Court granted in part Defendants' motion to dismiss and held that this case should be stayed pending the outcome of the parallel state court proceeding. The Court is pleased to learn, through the present motion, that Defendants "largely agree" with the Court's rulings. (Defendants' Motion at ¶ 6.)

to this motion on June 7, 2005. For two separate reasons, the Court finds that Defendants are not entitled to the relief sought in their motion.

The principal concern that animates Defendants' motion is that Plaintiff may elect to appeal from the Court's April 29, 2005 Opinion and Order. In that event, Defendants wish to ensure that the record on appeal includes the latest developments in the state court proceedings, as well as all of the arguments which, in Defendants' view, would justify a stay or the outright dismissal of this action. Yet, as noted in Plaintiff's response, the anticipated appeal has already occurred, with Plaintiff filing a notice of appeal on May 26, 2005. Accordingly, this Court lacks jurisdiction over this matter while the appeal is pending.

Even if this Court had the power to do so, it would be unwilling to supplement the record on the grounds identified by Defendants. With or without this relief, Defendants are free to argue in the Court of Appeals that this Court's rulings should be affirmed for reasons different from those identified in the April 29, 2005 Opinion and Order.[2] Indeed, to the extent that Defendants believe that subsequent state court developments might have divested the federal courts of their jurisdiction over this action, the Court of Appeals can

---

[2] Notably, the primary "supplemental" argument that Defendants seek to introduce into the record was actually touched upon in the Court's April 29, 2005 Opinion and Order, despite Defendants' failure to raise this issue on their own in their several prior submissions to the Court. Presumably, the Court's own discussion of this issue would be adequate to preserve it on appeal.

(and perhaps must) address this jurisdictional issue as a threshold matter.[3]  In addition, Plaintiff correctly points out that the Court of Appeals has the authority to order that the record be supplemented as it deems appropriate.  See Fed. R. App. P. 10(e)(3).  Thus, the relief sought by Defendants is both unnecessary and unwarranted.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' May 31, 2005 Motion to Supplement Record is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  June 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[3] Similarly, if Plaintiff had chosen not to appeal, Defendants would have been free at any time to file a motion in this Court arguing that subject matter jurisdiction no longer existed in light of the outcome of the state court proceedings.  See Fed. R. Civ. P. 12(h)(3).  Indeed, in its April 29, 2005 order staying this case, the Court expressly directed the parties to periodically update the Court regarding the status of the state court proceedings.